# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DARRELL GREEN**                                                                                      **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO:** 3:23-cv-580-CWR-FKB

**STATE FARM FIRE AND CASUALTY**
**COMPANY, INC.,**                                                                                     **DEFENDANT**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Farm Fire and Casualty Company ("State Farm"), improperly denoted as "State Farm Fire and Casualty Company, Inc.," files this Notice of Removal of this action in its entirety from the Circuit Court of Holmes County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. As set forth below, this case is subject to removal because it is a civil action between citizens of different states and involves an amount in controversy that exceeds the sum of $75,000.

State Farm respectfully reserves the right to assert all defenses available to it under Fed. R. Civ. P. 12(b) and any other applicable law, as provided under Fed. R. Civ. P. 81(c)(2)(C).

**I.      PROCEDURAL HISTORY**

1.      The present action was commenced on August 4, 2023, by the filing of a Complaint against State Farm in the Circuit Court of Holmes County, Mississippi, bearing civil action number 2023-0175. Copies of all pleadings and process served upon State Farm in this action are attached to this Notice of Removal collectively as Exhibit A, and are incorporated herein by reference.

2.      Plaintiff served State Farm's registered agent with a copy of the summons and Complaint on August 11, 2023. Removal is timely because State Farm filed this Notice of

Removal within thirty (30) days after service of the summons and Complaint.  *See* 28 U.S.C. § 1446(b)(2)(B) and 28 U.S.C. § 1446(b)(1); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

3. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with written notice of removal, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Holmes County, Mississippi.

## II. JURISDICTION – DIVERSITY CITIZENSHIP

### A. Complete Diversity of Citizenship Exists Among the Parties.

4. As set forth in the Complaint, the Plaintiff is a citizen of the State of Mississippi. (Compl. ¶ 1).

5. State Farm is a corporation, organized and existing under the laws of the State of Illinois, with its headquarters and principal place of business in the State of Illinois.  Therefore, State Farm is a citizen of Illinois.

6. Because the controversy in this action is between citizens of different States, there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1).

### B. The Amount of Plaintiff's Claims Exceeds $75,000.

7. The Complaint seeks a host of damages as a result of State Farm's alleged "bad faith tortious breach of contract without a legitimate or arguable reason in fact or law, negligence, and breach of the duty of good faith and fair dealing . . . ." (Compl. ¶ 39).

8. First, the Complaint requests "[p]ayment of all contractual benefits, up to and including the policy limits, for all coverages afforded to [Plaintiff] under the subject State Farm policy, with interest on all amounts due to [Plaintiff] under the Policy[.]" (Compl. ¶ 39(1)).  The

Complaint's allegations make clear that this amount includes, *inter alia*, the $59,200.00 in policy limits alleged with respect to the subject property.  (Compl. ¶¶ 11, 29).

9.      Second, the Complaint seeks various consequential damages, including "attorneys' fees and the amounts [Plaintiff] expended or lost in trying to subsist and conduct his work without insurance benefits since March 24, 2021."  (Compl. ¶ 39(3)).  Specifically, the Complaint alleges that Plaintiff "was forced to pay $50,000 out of his own pocket . . . for repairs[,]" which is in addition to "business interruption damages [he allegedly suffered] due to the loss of use of his building and equipment."  (Compl. ¶¶ 13–14).

10.     Finally, the Complaint requests an unspecified amount of "[p]unitive and exemplary damages, as allowed by law, for State Farm's breach of the duty of good faith and fair dealing."  (Compl. ¶ 39(4)).

11.     The Complaint's request for an unspecified amount of punitive damages against State Farm is sufficient by itself to satisfy the jurisdictional threshold.  *See Anazia v. Allstate Prop. & Cas. Ins. Co.*, No. 519CV144DCBMTP, 2020 WL 1955263, at *2 (S.D. Miss. Apr. 23, 2020) ("[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." (internal citation omitted)); *Haney v. Cont'l Cas. Co.*, No. CIVA 3:08CV482DPJJCS, 2008 WL 5111021, at *1 (S.D. Miss. Dec. 2, 2008) ("[P]unitive damage awards against insurance companies in Mississippi often exceed $75,000.").  And, when considered in tandem with the Complaint's requests for policy limits of at least $59,200.00 and various consequential damages, including attorneys' fees, there is no question that the amount in controversy exceeds $75,000.  *See Lee v. Safeco Ins. Co. of Illinois*, No. 3:12-CV-490-WHB-LRA, 2012 WL 12882890, at *2 (S.D. Miss. Oct. 5, 2012) (considering attorney's fees as part of the amount in controversy because such fees

are recoverable under Mississippi law where a plaintiff seeks punitive damage for an alleged bad faith denial of insurance benefits).

12. Indeed, this Court has routinely found the jurisdictional threshold satisfied by allegations similar in character and amount to those at bar. *See, e.g.*, *Williams v. Safeway Ins. Co.*, No. 1:17CV296-HSO-JCG, 2018 WL 3866487, at *3 (S.D. Miss. Aug. 14, 2018) (holding the complaint's request for "compensatory damages up to the $50,000.00 policy limit plus an unspecified amount of punitive damages" made it "facially apparent" that the "the [p]laintiff was demanding damages in excess of $75,000"); *White v. Allstate Ins. Co.*, No. 1:17CV350-HSO-JCG, 2018 WL 2244721, at *3–4 (S.D. Miss. May 16, 2018) (finding request for "damages 'not limited to' the $25,000 policy limit plus an unspecified amount of punitive damages" exceeded "the sum or value of $75,000"); *Hall v. Capers*, No. 1:17CV138-HSO-JCG, 2017 WL 7805413, at *4–5 (S.D. Miss. Sept. 5, 2017) (finding requests for "punitive and extra-contractual damages," in addition to alleged contractual liability of $50,000, demonstrated "the jurisdictional threshold was satisfied").

13. The amount in controversy, therefore, is in excess of $75,000, exclusive of interest and costs.

14. With the requirements of diversity of citizenship and the amount in controversy having been met, this Court has original jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332(a).

### III. PROCEDURAL ALLEGATIONS

16. Venue properly rests in the Northern Division of the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. §§ 104(b)(1) and 1446(a) because

this action is being removed from the Circuit Court of Holmes County, where it was originally filed.

17.     State Farm's registered agent was served with a copy of the summons and Complaint on August 11, 2023.  This Notice of Removal is therefore timely because State Farm filed it within thirty (30) days after service of the summons and Complaint, as required under 28 U.S.C. 1446(b)(1).

18.     State Farm has simultaneously given prompt written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of the Notice of Removal within Holmes County Circuit Court, attached hereto and incorporated by reference as Exhibit B.  *See* 28 U.S.C. § 1446(d).

**IV.     CONCLUSION**

WHEREFORE, jurisdiction and venue being proper in this Court, State Farm removes this civil action from the Circuit Court of Holmes County, Mississippi.

Respectfully submitted this, the 8th day of September, 2023.

>                STATE FARM FIRE AND CASUALTY
>                COMPANY, Defendant
>
> BY:    */s/ Amanda B. Barbour*
>                AMANDA B. BARBOUR (MSB # 99119)
>                HARRISON M. SMITH (MSB # 106339)
>                BUTLER SNOW LLP
>                Suite 1400
>                1020 Highland Colony Parkway
>                Ridgeland, MS 39157
>                Post Office Box 6010
>                Ridgeland, MS 39158-6010
>                Tel:  (601) 948-5711
>                Fax: (601) 985-4500
>                E-Mail: Amanda.Barbour@Butlersnow.com
>                E-Mail: Harrison.Smith@Butlersnow.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day the foregoing document was filed with the Clerk of the Court and a true and correct copy of such paper was served by U.S. Mail and/or electronic mail to the following counsel of record:

>Brandi R. Hamilton (MSB # 105116)
>Jack Griffith Rutherford (La. Bar No. 34968)
>RUTHERFORD LAW
>900 Camp Street, #3C8
>New Orleans, Louisiana 70130
>
>ATTORNEYS FOR PLAINTIFF

THIS the 8th day of September 2023.

>>By: */s/Amanda B. Barbour*
>>Amanda B. Barbour

82223939.v1