**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DARRELL GREEN**                                                                   **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 3:23-cv-580-CWR-FKB**

**STATE FARM FIRE AND CASUALTY
COMPANY, INC.,**                                                                 **DEFENDANT**

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND
DEFENSES TO COMPLAINT**

COMES NOW, Defendant State Farm Fire and Casualty Company ("State Farm"), improperly denoted as "State Farm Fire and Casualty Company, Inc.," and files its Answer and Defenses to the Complaint filed by Plaintiff as follows:

**FIRST DEFENSE**

Plaintiff's Complaint as a whole, and each of its counts, fails to state a claim against State Farm upon which relief can be granted.

**SECOND DEFENSE**

Under the pertinent insurance policy (the "Policy"), no coverage is available or due in regard to the subject incidents of alleged losses by virtue of the applicable terms, conditions, and/or exclusions set forth in the Policy.

**THIRD DEFENSE**

On information and belief, Plaintiff's alleged damages were caused by Plaintiff's lack of due care, failure to mitigate his damages, or by other events that did not provide for coverage under the Policy.

**FOURTH DEFENSE**

To the extent Plaintiff seeks non-economic damages, such damages are subject to the limitations provided in Miss. Code Ann. § 11-1-60.

**FIFTH DEFENSE**

Plaintiff's claim for punitive damages is subject to the procedures, protections and limitations provided in Miss. Code Ann. § 11-1-65.

**SIXTH DEFENSE**

On information and belief, some or all of Plaintiff's claims may be barred by estoppel, collateral estoppel, agency by estoppel, judicial estoppel, res judicata and/or discharge in bankruptcy.

**SEVENTH DEFENSE**

Plaintiff has not specifically stated his special damages, if any, as required by the applicable rules, including, but not limited to Miss. R. Civ. P. 9(g) and Fed. R. Civ. P. 9(g). Accordingly, Plaintiff is barred from recovering any such damages.

**EIGHTH DEFENSE**

Plaintiff's claim for special damages is not recoverable under the common law as stated in *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng. Rep. 145 (1854).

**NINTH DEFENSE**

State Farm invokes all rights afforded under Mississippi's 1993 Tort Reform Act, including but not limited to Miss. Code Ann. § 11-1-65, and under Mississippi's 2002 and 2003 Tort Reform Acts.

**TENTH DEFENSE**

On information and belief, some or all of Plaintiff's claims may be barred because State Farm complied with all applicable statutes and with the requirements and regulations of the appropriate regulatory agencies.

**ELEVENTH DEFENSE**

To the extent Plaintiff is attempting to allege fraud, Plaintiff failed to plead fraud with particularity.

**TWELFTH DEFENSE**

Punitive damages, as permitted under the substantive law of the State of Mississippi, violate the due process, equal protection, and excessive fines clauses of the constitutions of the United States of America and the State of Mississippi.

**THIRTEENTH DEFENSE**

No act or omission of State Farm was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred. Additionally, because of the lack of clear standards, the imposition of punitive damages against State Farm is unconstitutionally vague and/or over-broad.

**FOURTEENTH DEFENSE**

State Farm specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decision of *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996), *State Farm v. Campbell*, 123 S. Ct. 1513 (2003), and their progeny.

**FIFTEENTH DEFENSE**

Any claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law without proof of every element of such claim beyond a reasonable doubt would violate State Farm's due process rights under the Fourteenth Amendment to the United States Constitution and under Article 3, § 14 of the Constitution of the State of Mississippi.

## SIXTEENTH DEFENSE

Any claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a fact finder that is not subject to trial and appellate court review on the basis of uniform and objective standards would violate State Farm's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, § 14 of the Constitution of the State of Mississippi.

## SEVENTEENTH DEFENSE

Any claim for punitive damages is barred by Miss. Code Ann. § 15-1-33 (1972), requiring that any suit for penalty be brought within one year from the date of the alleged offense.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the terms and provisions of the applicable Policy or policies.

## NINETEENTH DEFENSE

On information and belief, some or all of Plaintiff's claims may be barred by the parol evidence rule and/or the statute of frauds.

## ANSWER

For its answer to the averments of the Complaint, paragraph by paragraph, State Farm states as follows:

## PARTIES

1. Upon information and belief, State Farm admits that Plaintiff is an adult citizen who resides in Holmes County, Mississippi.

2. State Farm admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. State Farm denies that jurisdiction and venue are proper in the Circuit Court of Holmes County, Mississippi because this case has been properly removed to the United States District Court for the Southern District of Mississippi.

4. State Farm denies that venue is proper in the Circuit Court of Holmes County, Mississippi because this case has been properly removed to the United States District Court for the Southern District of Mississippi.

5. State Farm admits that it issued a Policy numbered 99-BF-U351-2 to Plaintiff, which was active at the time of the alleged loss. The Policy referenced in Paragraph 5 of the Complaint speaks for itself. State Farm denies any allegations in Paragraph 5 inconsistent with the Policy.

6. The insurance Policy referenced in Paragraph 6 of the Complaint speaks for itself. State Farm denies any allegations in Paragraph 6 inconsistent with the Policy.

7. State Farm admits that Plaintiff paid premiums under the Policy and that the Policy was active at the time of the alleged loss.

8. State Farm admits that Plaintiff filed a claim under his Policy with State Farm for damage done to a shed and its contents in February 2021. State Farm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint, and therefore, denies those allegations.

9. State Farm admits that it sent a letter to Plaintiff dated March 24, 2021. The document referenced in Paragraph 9 of the Complaint speaks for itself. State Farm denies any allegations in Paragraph 9 to the extent that they are inconsistent with the actual document.

10. State Farm admits that a denial letter was sent to Plaintiff dated March 24, 2021, and that letter speaks for itself. State Farm admits that Plaintiff took pictures of his shed and provided said pictures to State Farm following receipt of the March 24, 2021, letter as part of the evaluation of his claim. The picture referenced in Paragraph 10 of the Complaint speaks for itself.

11. The insurance Policy and Declarations referenced in Paragraph 11 of the Complaint speak for themselves. State Farm denies any allegations contained in Paragraph 11 to the extent that they are inconsistent with the Policy or Declarations. State Farm denies any remaining allegations in this Paragraph of the Complaint.

12. State Farm admits that it denied coverage for Plaintiff's shed. State Farm denies any remaining allegations contained in Paragraph 12 of the Complaint.

13. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore, denies those allegations.

14. To the extent Paragraph 14 uses the term "business interruption" as it relates to insurance coverage, State Farm denies that Plaintiff has a claim with State Farm for business interruption. To the extent Paragraph 14 states a legal conclusion regarding damages, no response is required. To the extent Paragraph 14 contains a factual assertion as to Plaintiff's business, State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore, denies those allegations.

## COUNT ONE
### Breach of Contract

15. State Farm adopts and incorporates by reference its responses to the allegations in the preceding Paragraphs.

16. State Farm admits that it issued an insurance policy to Plaintiff. The Policy referenced in Paragraph 16 of the Complaint speaks for itself. State Farm denies any allegations contained in Paragraph 16 of the Complaint that are inconsistent with the Policy. State Farm denies any remaining allegations contained in Paragraph 16.

17. State Farm denies the allegations contained in Paragraph 17 of the Complaint as stated.

18. State Farm denies the allegations contained in Paragraph 18 of the Complaint.

19. State Farm denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT TWO
### Negligence and/or Gross Negligence

20. State Farm adopts and incorporates by reference its responses to the allegations in the preceding Paragraphs.

21. To the extent that Paragraph 21 contains a legal conclusion, no response is required. But to the extent that Paragraph 21 contains any factual allegations for which a response is required, State Farm denies the same.

22. State Farm denies the allegations contained in Paragraph 22 of the Complaint, including its subparagraphs "a" through "h."

23. State Farm denies the allegations contained in Paragraph 23 of the Complaint.

24. State Farm denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT THREE
### Breach of Duty of Good Faith and Fair Dealing

25. State Farm adopts and incorporates by reference its responses to the allegations in the preceding Paragraphs.

26. State Farm denies the allegations contained in Paragraph 26 of the Complaint.

27. State Farm denies the allegations contained in Paragraph 27 of the Complaint.

28. State Farm denies the allegations contained in Paragraph 28 of the Complaint.

29. State Farm denies the allegations contained in Paragraph 29 of the Complaint.

30. State Farm denies the allegations contained in Paragraph 30 of the Complaint as stated.

31. State Farm denies the allegations contained in Paragraph 31 of the Complaint.

32. State Farm denies the allegations contained in Paragraph 32 of the Complaint.

33. State Farm denies the allegations contained in Paragraph 33 of the Complaint.

34. State Farm denies the allegations contained in Paragraph 34 of the Complaint.

35. State Farm denies the allegations contained in Paragraph 35 of the Complaint.

36. State Farm denies the allegations contained in Paragraph 36 of the Complaint.

## JURY DEMAND

37. Paragraph 37 of the Complaint constitutes a demand for a jury trial, to which no response is required.

## PRAYER FOR RELIEF

38. State Farm adopts and incorporates by reference its responses to the allegations in the preceding Paragraphs.

39. State Farm denies the allegations contained in Paragraph 39 of the Complaint, including its subparagraphs "(1)" through "(5)" and further denies that Plaintiff is entitled to any recovery whatsoever.

State Farm also denies all allegations contained in the unnumbered Paragraph beginning "WHEREFORE, PREMISES CONSIDERED," and further denies that Plaintiff is entitled to any recovery whatsoever.

To the extent not expressly admitted herein, State Farm denies the allegations set forth in Plaintiff's Complaint.

Respectfully submitted this, the 15th day of September, 2023.

        STATE FARM FIRE AND
        CASUALTY COMPANY, Defendant

        */s/ Amanda B. Barbour*
        AMANDA B. BARBOUR (MSB # 99119)
        HARRISON M. SMITH (MSB #106339)
        BUTLER SNOW LLP
        Suite 1400
        1020 Highland Colony Parkway
        Ridgeland, MS 39157
        Post Office Box 6010
        Ridgeland, MS 39158-6010
        Tel:  (601) 948-5711
        Fax: (601) 985-4500
        E-Mail: Amanda.Barbour@butlersnow.com
        E-Mail: Harrison.Smith@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Amanda B. Barbour, certify that I on this date I electronically filed the foregoing with the Clerk of Court via ECF which sent notice to all counsel of record.

DATED:  September 15, 2023.

        By: */s/Amanda B. Barbour*
             Amanda B. Barbour

82358433.v1