IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARRELL GREEN                                                                                            PLAINTIFF

VS.                                                                    CIVIL ACTION NO.: 3:23-cv-580-CWR-FKB

STATE FARM FIRE AND CASUALTY
COMPANY, INC.,                                                                                          DEFENDANT

## CONSENT PROTECTIVE ORDER

Plaintiff Darrell Green and Defendant State Farm Fire and Casualty Company ("State Farm"), improperly denoted as "State Farm Fire and Casualty Company, Inc.," move the Court for entry of a Consent Protective Order on the grounds that they may produce or be required to produce correspondence, memoranda, guidelines, booklets, pamphlets, formulas, documents, reports, computer printouts, answer interrogatories, otherwise respond to discovery and provide testimony that might reveal confidential, trade secret, and proprietary information that should not be disclosed outside of this litigation.  Some information of that type has already been disclosed and will be produced in response to discovery requests.  Accordingly, the Court finds that the Joint Motion for Entry of a Consent Protective Order [8] is well taken and should be granted.  It is, therefore, Ordered as follows:

1. **Definition of Protected Information**: "Protected Information" as used herein means any information that is designated as being subject to the terms of this Protective Order by a party or other person producing such information (the "Designating Entity").  Information shall be designated as "Protected Information" only upon a good faith belief that the information is confidential, trade secret, or proprietary information and subject to protection under Rule 26 of the Federal Rules of Civil Procedure.

2. **Designation of Protected Information**:  Documents containing Protected Information shall be designated as being subject to the terms of this Protective Order by placing

the following legend (or a substantial equivalent) on the document:

**CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER**

For purposes of this Protective Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 30 and/or Rule 45 subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be designated as Protected Information but, to the extent feasible, shall be prepared in such a manner that Protected Information is bound separately from that not entitled to protection.

3. **Non-Disclosure of Protected Information**: No Protected Information may be disclosed to, disseminated to, or otherwise discussed with any person, except with the prior written consent of the Designating Entity, or as hereinafter provided under this Protective Order. Any summary, copy, electronic imaging or database, of any Protected Information likewise shall be subject to the terms of this Protective Order to the same extent as the Protected Information from which the summary or copy is made. Persons obtaining access to Protected Information under this Protective Order shall use the information only for the instant litigation (including appeals and retrials) and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings. However, nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents or materials.

4. **Permissible Disclosure of Protected Information**:

a. Subject to paragraph 3, Protected Information may be disclosed to the parties, to employees and agents of the parties, to in-house and outside counsel for the parties, lawyers, secretaries, paralegal assistants and employees of such attorneys to the extent reasonably necessary

to render professional services in this litigation; and to court officials, court reporters, and videographers involved in this litigation.

  b. Subject to paragraph 3, Protected Information may also be disclosed to potential witnesses, to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, and to outside consultants or experts retained for the purpose of assisting counsel in this litigation, provided, however, that in all such cases the individual to whom disclosure is to be made has reviewed this Protective Order and executed an affidavit of compliance in the form attached hereto as Exhibit "A."

  5. **Protected Information in Depositions**:

  a. During a deposition, a deponent may be shown and examined regarding Protected Information if the deponent has access to the Protected Information or if there has been compliance with the provisions of paragraph 4(b). Deponents shall not retain or copy portions of the transcript of their deposition that contain Protected Information not provided by them or the entities with which they are affiliated unless they sign the form prescribed in paragraph 4(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Protective Order before being examined about, or asked to produce, potential Protected Information.

  b. At the time of the deposition or within thirty (30) days after receiving a deposition transcript, parties (and deponents) may designate all or portions of the transcript (and exhibits thereto) as containing Protected Information. Protected Information within the deposition transcript may be designated by a statement made on the record or by indicating page and line numbers of such information by correspondence. Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no party or deponent timely designates Protected Information in a deposition, then none of the transcript or its exhibits (unless the exhibits have previously been designated as Protected

Information pursuant to paragraph 2) will be granted status and protection as Protected Information. If a timely designation is made the Protected Information portions and exhibits shall be maintained separate from the portions and exhibits not so marked.

6.  **Informal Resolution Encouraged**: If a party objects to the classification of documents, testimony or information as Protected Information on the grounds that such documents, testimony, or information are not entitled to such status and protection, the objecting party shall notify in writing counsel for the Designating Entity, setting forth the reasons supporting such objections and specifying the bates numbers or other identifiers for the documents, or page and line numbers for the transcripts in question. The objecting party and the Designating Entity shall promptly meet and confer in a good faith attempt to resolve the objection. If the parties cannot resolve the objection, the Designating Entity shall respond within thirty (30) days of its receipt of such notification (or such longer period as may be agreed to by counsel or for good cause shown), by either (i) withdrawing the classification, or (ii) stating the refusal to do so. Failure to respond shall be construed as a refusal. Upon receipt of notification of refusal, counsel for the objecting party may move the Court for an order removing the Protected Information designation. While the motion is pending, and for a period of ten (10) days following any order that such information is not Protected Information (and for any period during which an appeal or any such order is pending), the information shall be treated as Protected Information. If any document designated as containing Protected Information is declassified pursuant to this paragraph, a copy of the document without that designation shall be produced.

7.  **Subpoena by Other Courts or Agencies**: If Protected Information that a party has obtained under the terms of this Protective Order is subpoenaed or its production is otherwise demanded, such party shall notify in writing the Designating Entity of the receipt of such subpoena or order within three business days of its receipt, and in all events before the time the production

is otherwise demanded, and shall cooperate with the Designating Entity in ensuring continued protected treatment of such documents.

8.     **Filing Under Seal**:  Documents containing or disclosing the substance of Protected Information shall not be filed with the Court except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56 or other matters pending before the Court.  If it is deemed necessary to bring to the attention of the Court any Protected Information, the party seeking to use the Protected Information shall first seek the Court's permission, pursuant to Local Rule 79, to file the pleading, brief, or other document containing such information under seal.  This Protective Order is not a judicial determination that any specific document or information designated by a party as Confidential is subject to sealing under Local Rule 79 or otherwise.

9.     **Return of Protected Information**:  Within one hundred twenty (120) days after conclusion of all aspects of this litigation, all documents containing Protected Information and all copies of same (other than exhibits or record) shall be returned to the Designating Entity or, at the option of the Designating Entity, shall be destroyed.  Counsel of record shall make written certification of compliance herewith and shall deliver the same to counsel or the Designating Entity not more than one hundred fifty (150) days after final termination of this litigation.

10.    **Inadvertent Disclosure and Prior Disclosure**:

a.     Inadvertent disclosure of any document or information in this action shall be without prejudice to any claims that such material is Protected Information, privileged, work product or otherwise protected from discovery, and no party shall be held to have waived any rights by such disclosure.  Any document or information so disclosed and subject to a subsequent claim of privilege, work product or other protection, shall be returned immediately to the appropriate party and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party or (ii) by order

of the court, nor will such document or information be subject to production (other than *in camera*) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

      b.    Within thirty (30) days of entry of this Protective Order, any party may designate as Confidential pursuant to this Protective Order any documents produced, regardless of original source, or any deposition transcripts of previous testimony in this action.  Pending the expiration of the thirty (30) day period all prior deposition transcripts and previously produced documents shall be treated as confidential.

11.    **Non-Waiver**:  Disclosure of Protected Information to third parties by any party or person, except the Designating Entity, shall not waive the protected nature of such information or the obligations hereunder.

12.    **Modification Permitted**:  Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order to seek additional or different protection under the Federal Rules of Civil Procedure, including that certain information not to be disclosed under any circumstances, or from objecting to discovery that it believes to be otherwise improper.

13.    **Added Parties**:  This Protective Order shall inure to the benefit and be binding upon any future party or counsel to this litigation as well as upon any non-party who produces documents in this litigation.

14.    **Non-Parties**:  Any subpoenaed non-party who designates and provides Protected Information in this action may petition the court for enforcement of this Protective Order.

15.    **Responsibility of Attorneys**:   The attorneys of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Protected Information.

16.    **Sanctions for Violation**:  The Court may assess appropriate sanctions against persons violating the provisions of this Protective Order.  This provision for sanctions is in addition

to and not in lieu of the right that any party injured by a violation of this Protective Order may have to pursue claims for damages and such other relief that may be deemed appropriate under law or in equity, including but not limited to injunctive relief.

17.     **Court Retains Jurisdiction**:  After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to Protected Information produced pursuant to this Protective Order for the purpose of enforcement of this Protective Order.

SO ORDERED, this the 30th day of January, 2024.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

**ACKNOWLEDGMENT AND AFFIDAVIT OF COMPLIANCE**

I hereby acknowledge that I have been given a copy of the Protective Order dated the _____ day of _____, 2024, in the case captioned **"Darrell Green vs. State Farm Fire and Casualty Company, Inc. (Civil Action No. 3:23-CV-580-CWR-FKB)**; that I have read the Protective Order; and that I agree to be bound by it. I further understand and agree that I shall not disclose Protected Information to others, except in accordance with the Protective Order. I further understand and agree that my obligation to honor the protected nature of such Protected Information will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Protective Order, I will be subject to sanctions, including but not limited to sanctions by way of contempt of court. I further understand and agree to, and hereby do, submit myself to the personal jurisdiction of this Court for any and all such purposes.

DATED, this the \_\_\_\_ day of _____, 2024.

_____

**STATE OF MISSISSIPPI**

**COUNTY OF**

  On this the _____ day of _____, 2024, before me, a Notary Public, in and for said State and County, personally appeared _____, to me personally known, who being by me first duly sworn, acknowledged that he/she executed the foregoing instrument for the purposes therein mentioned and set forth.

_____
**NOTARY PUBLIC**

My Commission expires:

_____