IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DARRELL GREEN**                                                                                  **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO.: 3:23-cv-580-CWR-ASH**

**STATE FARM FIRE AND CASUALTY
COMPANY, INC.,**                                                                     **DEFENDANT**

**STATE FARM FIRE AND CASUALTY COMPANY'S
<u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

Defendant State Farm Fire and Casualty Company ("State Farm"), improperly denoted as "State Farm Fire and Casualty Company, Inc.," submits this Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

<u>**INTRODUCTION**</u>

This case is a straightforward insurance contract dispute. The issue is whether an insurance policy Plaintiff Darrell Green ("Plaintiff") purchased from State Farm covered damage to Plaintiff's machine shed caused by collapse in February 2021. A plain reading of the policy confirms no coverage existed.

Plaintiff's shed was insured under Coverage F of the policy for "Specified Perils" only. The policy excluded coverage for loss caused by collapse except as provided in specific provisions of the "Additional Coverages" and "Losses Insured" sections. The "Additional Coverages" section afforded coverage for collapse damage to real and personal property ***only*** when such property was insured for "Accidental Direct Physical Loss." The "Losses Insured" section provided coverage for collapse but limited to "covered farm personal property". Because Plaintiff's shed was not insured for "Accidental Direct Physical Loss" and did not

constitute "covered farm personal property," no coverage existed for the loss to the shed itself caused by collapse.

For these reasons, explained fully below, State Farm is entitled to summary judgment on all of Plaintiff's claims.

## FACTUAL BACKGROUND

Plaintiff owns a farming operation in West, Mississippi. There is a machine shed on the property which Plaintiff used to house farm equipment. On or about February 17, 2021, a severe ice storm swept through Mississippi. Compl., ECF No. 1-1 at 4 (¶ 8). Plaintiff alleges the weight of the snow and ice from the storm caused his shed to collapse, damaging the equipment housed inside. *Id.* At the time, Plaintiff had a Farm/Ranch Policy, numbered 99-BF-U351-2 (the "Policy"), with State Farm. Policy Declarations, ECF No. 1-1 at 68. On February 18, 2021, Plaintiff filed a claim under the Policy for both the contents of the shed and the shed structure itself. Compl., ECF No. 1-1 at 4 (¶ 8).

Following an inspection of the property and additional investigation, State Farm paid Plaintiff $36,717.46 in March 2021 for debris removal and the damaged farm equipment housed in the shed, which were covered as personal property under the Policy. *See* State Farm Payment Settlement, attached as **Exhibit A**, at 1-2.[1] State Farm denied coverage for damage to the shed itself. On March 24, 2021, State Farm sent an initial denial letter to Plaintiff, noting there was no coverage for collapse of a building because the shed did not qualify as a building, i.e., "a structure with a roof and walls." Initial Denial Letter, ECF No. 1-1 at 79. The letter made clear that "[a]ll other policy provisions appl[ied]," and it expressly "reserved [State Farm's] rights to assert such additional policy defenses." *Id.* at 81.

---

[1] All exhibits referenced herein are attached to State Farm's accompanying Motion for Summary Judgment.

On June 9, 2021, Plaintiff's former counsel provided additional photos for State Farm to consider showing the shed did in fact have several walls. *See* Letter from Plaintiff's Former Counsel, attached as **Exhibit B**. State Farm agreed that the shed met the definition of a building but sent a clarifying letter to Plaintiff on July 30, 2021, explaining that the Policy only afforded coverage for damage from collapse to a farm building, as opposed to personal property, when the building was insured for "Accidental Direct Physical Loss." Clarifying Letter, attached as **Exhibit C**, at 1. The Declarations, which set forth the types of coverage purchased for certain property under the Policy, shows Plaintiff's "machine shed"[2] was insured under Coverage F for "Specified Perils," not "Accidental Direct Physical Loss":



Policy Declarations, ECF No. 1-1 at 70-71, 73.

State Farm explained that because Plaintiff's shed was "not insured for Accidental Direct Physical Loss as shown on the schedule in the Declarations, but only for Specified Perils, there

---

[2] "[T]he shed at issue is specifically listed in the Policy Declarations as a '120x40 Machine Shed 2012,' insured up to $59,2000.00." Compl., ECF No. 1-1 at 8 (¶ 29)

3

[was] no coverage" for damage to the shed itself. *Id.* at 3; *see also* ECF No. 1-1 at 71, 73. In making this clarification, State Farm reiterated – and referred Plaintiff to – the pertinent provisions of his Policy:

**SECTION I – LOSSES NOT INSURED – COVERAGES D, E, F**[3]

1. We do not insure for any loss to the property described in Coverages D, E, or F which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through u. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    a. collapse, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES – COVERAGES D, E, F, Collapse**, and **SECTION I – LOSSES INSURED – COVERAGES D, E, F – SPECIFIED PERILS**;

Certified Policy, ECF No. 1-1 at 36 (Policy pg. 22) (bolded in original).

**ADDITIONAL COVERAGES – COVERAGES D, E, F**

The following Additional Coverages are subject to all the terms, provisions, exclusions, and conditions of this policy.

\* \* \*

16. **Collapse**. We insure for accidental direct physical loss to covered property involving the sudden, entire collapse of a building or any part of a building only when the covered property is insured for Accidental Direct Physical Loss (A.D.P.L.) as shown on the schedule in the **Declarations**[4].

*Id.* at 31, 34 (Policy pgs. 17, 20) (bolded in original).

**SECTION I – LOSSES INSURED – COVERAGES D, E, F**

We insure property under Coverages D, E, and F for either Accidental Direct Physical Loss (A.D.P.L) or Specified Perils. Refer to the Losses insured column in the **Declarations** to determine which applies. Only the Losses Insured shown

---

[3] The Policy addresses Coverages D (Scheduled Farm Personal Property), E (Unscheduled Farm Personal Property), and F (Farm Buildings and Structures) together for purposes of "Losses Not Insured," "Additional Coverages," and "Losses Insured." *See* Certified Policy, ECF No. 1-1 at 31-38 (Policy pgs. 17-24). Rather than distinguish between the types of property or losses covered via separate sections applicable to just one of Coverages D, E, or F, distinctions are made within the provisions of the broader "Losses Not Insured," "Additional coverages," or "Losses Insured" sections. *See id.*

[4] The Policy defines "**Declarations**" as, *inter alia*, "the Coverage D and Coverage F Schedules." Certified Policy, ECF No. 1-1 at 15 (Policy pg. 1).

4

in the **Declarations** apply. We will settle covered property losses according the following:

\* \* \*

2. **SPECIFIED PERILS**.

    We insure for accidental direct physical loss to property described in the **Declarations** under Coverages D, E, and F caused by the following perils, except as provided in **SECTION I – LOSSES NOT INSURED – COVERAGES D, E, F**:

    \* \* \*

    j. **Collapse**, meaning accidental direct physical loss to covered farm personal property caused by the sudden, entire collapse of a building or any part of a building.

*Id.* at 35-36 (Policy pgs. 21-22) (bolded in original).

On August 4, 2023, Plaintiff filed the instant action against State Farm for breach of contract, negligence and/or gross negligence, and breach of the duty of good faith and fair dealing (i.e., bad faith). *See generally* Compl., ECF No. 1-1 at 2-10. All of Plaintiff's claims hinge on the allegation that State Farm breached a legal and contractual obligation owed to Plaintiff by denying coverage for damage to the shed under the Policy.[5] *See id.* at 3-10. The parties conducted no discovery, affirming that the decisive issue in this case is whether the Policy affords coverage for damage caused to Plaintiff's machine shed, as opposed to the equipment housed therein, by collapse. Because a plain reading of the Policy establishes no such coverage existed for Plaintiff's shed, this Court should grant State Farm's motion for summary judgment.

## LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."

---

[5] Curiously, the Complaint only references and attaches State Farm's initial denial letter (i.e., its preliminary finding that Plaintiff's shed did "not have walls and therefore d[id] not . . . meet the definition of a building"). *See* Compl., ECF No. 1-1 at 4-5 (¶¶ 9-11), 7-8 (¶¶ 28-31). The Complaint makes no mention of State Farm's July 30, 2021, letter, or of the Policy-backed basis for denial spelled out therein. *See generally id.* at 2-10.

5

Fed. R. Civ. P. 56(c). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A complete failure of proof on an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* at 317.

"Where the relevant facts are not in dispute and the critical questions turn purely on legal rights and relationships, summary judgment is appropriately considered." *Mesa Underwriters Specialty Ins. Co. v. LJA Commericial Sols., LLC*, No. 3:13CV29-CWR-FKB, 2015 WL 1457537, at *2 (S.D. Miss. Mar. 30, 2015). "[S]ummary judgment in favor of an insurer usually will be appropriate if the allegations of the underlying complaint do not state a claim that is within or arguably within the coverage of the subject policies." *Doe v. Peoples*, 394 F. Supp. 3d 655, 663 (S.D. Miss. 2019).

## ARGUMENT

Applying Mississippi law and interpreting the Policy in accordance with its plain language, it is clear no coverage existed for collapse damage to Plaintiff's shed. The Policy establishes that (1) there was no coverage for collapse loss to the property described in Coverages D, E, and F, except as specifically provided in the "Additional Coverages" or "Losses Insured" sections, ECF No. 1-1 at 36; (2) the "Additional Coverages" section only afforded collapse coverage to "covered property," real and personal, that is insured per the Declarations for "Accidental Direct Physical Loss," *id.* at 34; and (3) the "Losses Insured" section affords collapse coverage, but only for "loss to covered farm personal property," *id.* at 36. Because Plaintiff's shed was not insured for "Accidental Direct Physical Loss" and did not constitute

6

"covered farm personal property," State Farm is entitled to summary judgment on Plaintiff's claims—all of which rely on the existence of coverage under the Policy.

I. **Mississippi's Interpretive Principles**

"Because this case is proceeding in diversity, the applicable substantive law is that of the forum state of Mississippi." *Harris v. Allstate Vehicle & Prop. Ins. Co.*, 470 F. Supp. 3d 625, 630 (S.D. Miss. 2020). "Under Mississippi law, the plaintiff bears the burden of proving his right to recover under an insurance policy." *Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 356 (5th Cir. 2007). "That basic burden never shifts from the plaintiff." *Britt v. Travelers Ins. Co.*, 566 F.2d 1020, 1022 (5th Cir. 1978).

"The interpretation of an insurance policy is a question of law, not one of fact." *Noxubee Cnty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004). "Mississippi insurance law is quite clear that 'when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *Shelter Mut. Ins. Co. v. Simmons*, 543 F. Supp. 2d 582, 585 (S.D. Miss.) (quoting *id.*), *aff'd*, 293 F. App'x 273 (5th Cir. 2008). "[T]he words employed are by far the best resource for ascertaining the intent and assigning meaning with fairness and accuracy." *Pilot Travel Centers, LLC v. Mid-Continent Cas. Co.*, No. 3:15-CV-360-CWR-LRA, 2016 WL 1633060, at *2 (S.D. Miss. Apr. 21, 2016). "No rule of construction requires or permits [Mississippi courts] to make a contract differing from that made by the parties themselves, or to enlarge an insurance company's obligations where the provisions of its policy are clear." *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 429 (5th Cir. 2007) (quoting *State Auto. Mut. Ins. Co. of Columbus v. Glover*, 176 So.2d 256, 258 (Miss. 1965)).

"The only time an insurance contract is not given its plain meaning occurs when the policy is ambiguous, at which time the policy will be interpreted in the light most favorable to the insured." *Eaker v. State Farm Fire & Cas. Ins. Co.*, 216 F. Supp. 2d 606, 621 (S.D. Miss. 2001). But "just because the parties disagree over how to interpret policy language does not mean the language is ambiguous." *Noble v. Wellington Assocs., Inc.*, 145 So. 3d 714, 719 (Miss. Ct. App. 2013); *accord Leonard*, 499 F.3d at 429. Courts "will not recognize a strained interpretation of a policy." *Titan Indem. Co. v. Estes*, 825 So. 2d 651, 656 (Miss. 2002). Instead, a provision "is only 'ambiguous if it is susceptib[le] to two reasonable interpretations.'" *Accident Ins. Co. v. Deep S. Roofing, LLC*, No. 3:19-CV-10-KHJ-FKB, 2021 WL 3641457, at *3 (S.D. Miss. Aug. 17, 2021) (quoting *Epperson v. SOUTHBank*, 93 So. 3d 10, 19 (Miss. 2012)). In making this determination, it is critical that courts "look at the policy as a whole, consider all relevant portions together and, whenever possible, give operative effect to every provision in order to reach a reasonable overall result." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009) (internal citation omitted).

## II. Summary Judgment is Warranted Because a Plain Reading of the Policy Yields no Coverage for Damage to Plaintiff's Shed Caused by Collapse.

A step-by-step analysis of the Policy's plain language establishes there was no coverage for collapse damage to Plaintiff's shed, as opposed to the equipment housed within, in February of 2021. To begin, the Policy provided that State Farm

> do[es] not insure for any loss to the property described in Coverages D, E, or F which . . . is directly and immediately caused by . . . collapse, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES – COVERAGES D, E, F, Collapse**, and **SECTION I – LOSSES INSURED – COVERAGES D, E, F – SPECIFIED PERILS**.

Certified Policy, ECF No. 1-1 at 36 (Policy pg. 22) (bolded in original). The first of these two avenues – "Additional Coverages" – afforded coverage for collapse "loss to covered property,"

8

real and personal, "*only when* the covered property [was] insured for Accidental Direct Physical Loss (A.D.P.L.) as shown on the schedule in the Declarations." *Id.* at 34 (Policy pgs. 17, 20) (emphasis added). It is undisputed that the "covered property" at issue here, Plaintiff's machine shed, was insured only for "Specified Perils," not "Accidental Direct Physical Loss." Policy Declarations, ECF No. 1-1 at 71, 73. Therefore, no coverage existed under "**SECTION I – ADDITIONAL COVERAGES – COVERAGES D, E, F, Collapse**."

The second and final avenue under the Policy – "Losses Insured" – provided coverage for the peril of collapse; however, it expressly limited such coverage to "accidental direct physical loss to *covered farm personal property* caused by the sudden, entire collapse of a building or any part of a building." Certified Policy, ECF No. 1-1 at 35-36 (Policy pgs. 21-22) (emphasis added). Because Plaintiff's machine shed was (and is) a farm building or structure, not "covered farm personal property," any loss sustained by it as a result of collapse was not a covered under **SECTION I – LOSSES INSURED – COVERAGES D, E, F – SPECIFIED PERILS**." Indeed, this is precisely why State Farm paid for the damage to the equipment housed within the shed but denied coverage for the damage to the shed itself.

The foregoing provisions are plain and unambiguous. In his complaint, Plaintiff alleges that "such losses were clearly covered by the Policy" and that State Farm's interpretation is "contrary to the plain meaning and intent of the Policy." Compl., ECF No. 1-1 at 6-7 (¶ 22); *see also id.* at 3-4 (¶ 11) ("Per the plain language of the Policy, numerous structures including sheds are covered."); 7 (¶ 27) (describing this "circumstance" as "specifically covered by the Policy"). But, as demonstrated above, only State Farm's interpretation is harmonious with the Policy's actual language. Because the Policy yields no coverage for collapse damage to Plaintiff's machine shed, State Farm is entitled to summary judgment on all Plaintiff's claims as a matter of

law.  Holding otherwise would be to gift Plaintiff more than "the benefit of [his] bargain," thereby contravening Mississippi law.  *See Noxubee Cnty. Sch. Dist.*, 883 So. 2d at 1166 ("[I]nsurance companies must be able to rely on their statements of coverage, exclusions, disclaimers, definitions, and other provisions, in order to receive the benefit of their bargain and to ensure that rates have been properly calculated.")

To the extent Plaintiff intends to muster an argument based on the initial, March 24, 2021 denial letter, such an argument would be futile.  "Under Mississippi law, an insurer may rely on any exclusion in the policy to show that no coverage existed, whether or not that exclusion was the stated basis for denial."  *Sobley v. S. Nat. Gas Co.*, 210 F.3d 561, 564 (5th Cir. 2000); *accord F.D.I.C. v. Denson*, 908 F. Supp. 2d 792, 797–98 (S.D. Miss. 2012) ("Mississippi law allows an insurer to rely at trial on additional defenses to coverage that were not originally given as a basis for the insurer's refusal to pay a claim."); *Pierce v. United Home Life Ins. Co.*, 914 F. Supp. 2d 826, 829 (S.D. Miss. 2012) (same); *Golden Rule Ins. Co. v. Hopkins*, 788 F. Supp. 295, 302 (S.D. Miss. 1991) (same).  State Farm is entitled to rely on the plain language of the Policy to defeat Plaintiff's claims.  Furthermore, bases for denial were articulated in its July 30, 2021, clarifying letter, where it also expressly reserved "its rights to assert such additional policy defenses."  *See* Initial Denial Letter, ECF No. 1-1 at 81.

## CONCLUSION

In a case such as this, a "policy either affords coverage or not, based upon application of the policy language to the facts presented."  *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1156 (Miss. 2010).  Though Plaintiff was entitled to – and was compensated for – collapse loss to personal property housed within his shed, the Policy made clear that damage to the shed itself was not covered.  For this reason, Defendant State Farm Fire and Casualty Company

respectfully requests that this Court grant State Farm's Motion for Summary Judgment and enter an order dismissing all of Plaintiff's claims with prejudice.

Respectfully submitted this the 2nd day of July, 2024.

                              **STATE FARM FIRE AND CASUALTY COMPANY**, Defendant

                              */s/ Amanda B. Barbour*
AMANDA B. BARBOUR (MSB # 99119)
HARRISON M. SMITH (MSB # 106339)
BUTLER SNOW LLP
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: (601) 948-5711
Fax: (601) 985-4500
E-Mail: Amanda.Barbour@butlersnow.com
E-Mail: Harrison.Smith@butlersnow.com

## CERTIFICATE OF SERVICE

I, Amanda B. Barbour, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to counsel of record via the Court's CM/ECF System.

So certified this the 2nd day of July, 2024.

                              */s/ Amanda B. Barbour*
                              Amanda B. Barbour

88360142.v1