**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DARRELL GREEN**                                                                                 **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.: 3:23-cv-580-CWR-ASH**

**STATE FARM FIRE AND CASUALTY
COMPANY, INC.,**                                                                          **DEFENDANT**

**STATE FARM FIRE AND CASUALTY COMPANY'S REBUTTAL
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant State Farm Fire and Casualty Company ("State Farm"), improperly denoted as "State Farm Fire and Casualty Company, Inc.," submits this Rebuttal in Further Support of its Motion for Summary Judgment as follows:

**INTRODUCTION**

Plaintiff concludes matter-of-factly that State Farm "completely ignored coverage," yet his Response attempts to circumvent the only source from which coverage could derive. ECF No. 13 at 4. Rather than confront the pertinent Policy provisions head on, Plaintiff cherry picks a few, favorable sounding phrases to suggest coverage exists for the loss claimed simply because the machine shed is listed in the Declarations. *See id.* at 2-4. While Plaintiff faults State Farm for "los[ing] the forest for its trees," in truth, he would prefer State Farm and this Court proceed as if no trees exist. *See id.* at 2. Fortunately, "common sense" dictates that just as a forest cannot exist without trees, coverage for a particular peril cannot exist absent a provision authorizing it. *See id.* Because there is no provision in the Policy affording coverage for collapse loss to Plaintiff's shed, this Court should grant State Farm's Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice.

**ARGUMENT**

I. **Plaintiff cannot evade a plain reading of the Policy's pertinent provisions.**

Plaintiff broaches the Policy, albeit briefly, in the final two pages of his Memorandum. ECF No. 13 at 3-4. In doing so, he conveniently ignores a key facet that unambiguously establishes the absence of coverage here, i.e., the fact that property is insured under Coverages D, E, or F "for either Accidental Direct Physical Loss (A.D.P.L) or Specified Perils." ECF No. 1-1 at 35; *see also* ECF No. 13 at 3-4.[1] Plaintiff acknowledges that he paid premiums for – and that his machine shed was insured under Coverage F for – Specified Perils, not Accidental Direct Physical Loss ("ADPL"). ECF No. 13 at 2. But Plaintiff fails to recognize the import of that distinction as it relates to coverage for loss to his shed caused by collapse.

The Policy makes clear that a farm building or structure (i.e., property under Coverage F) is only covered for a collapse loss when the property "is insured for Accidental Direct Physical Loss (A.D.P.L.) as shown on the schedule in the Declarations." *See* ECF No. 1-1 at 34 (¶ 16), 35 (¶ j). This is unlike farm personal property, which, regardless of whether it is insured for Specified Perils or ADPL, is covered for loss caused by collapse. *See id.* It follows that because Plaintiff's machine shed – a farm building or structure – was insured only for Specified Perils, and not for ADPL, it is not covered under the Policy for loss caused by collapse. *Id.*; *see also id.* at 71 (showing "120x40 Machine Shed 2012" as insured for "Spec Perils").

A plain reading of the Policy bears this out. In general, there are two sections from which loss-specific coverage for a farm building or structure could derive. The first is the "Losses Insured" section, which is divided into subparts based on whether the subject property is insured for ADPL or Specified Perils. *See id.* at 35-36. Under the Specified Perils subpart,

---

[1] As a refresher, Coverages D and E pertain to categories of farm personal property, while Coverage F pertains to farm buildings or structures. *See* ECF No. 1-1 at 35.

2

applicable here, the Policy affords coverage only for "loss to **covered farm personal property** caused by the sudden, entire collapse of a building or any part of a building." *Id.* at 35 (¶ j) (emphasis added). Although Plaintiff omitted this language from his Response, he cannot ignore the fact that collapse coverage for purposes of Specified Perils only contemplates "loss to covered farm personal property," not farm buildings or structures. *See id.*

The second potential coverage-affording section – "Additional Coverages" – explains just why that is. It is important to note upfront that the Additional Coverages section does not "increase the limit applying to the damaged property." *Id.* at 34. Rather, it functions to expand coverage to the types of property losses or damages identified therein. *See id.* at 31-34; *see also Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 232 (5th Cir. 2007) (explaining a similar "'Additional Coverages' provision must be read in conjunction with the policy as a whole."). Hence, the losses and damages specified are intended to be "additional" to those set forth in the base-level, Losses Insured section. *Compare* ECF No. 1-1 at 31-34, *with id.* at 35-36.

Importantly, the Policy explains that an insured is only entitled to additional coverage for collapse "when the covered property is insured for Accidental Direct Physical Loss (A.D.P.L.) as shown on the schedule in the Declarations." *Id.* at 34 (¶ 16). Though obviously not the case here, curiosity begs the question: what would Plaintiff's additional coverage have been had he insured the shed for ADPL, as opposed to just Specified Perils? The answer is found in the Additional Coverages section's definition of "Collapse." *See id.* Unlike the Losses Insured section, the Additional Coverages section broadly covers "loss to **covered property** involving the sudden, entire collapse of a building or any part of a building." *Compare id.* at 34 (¶ 16) (emphasis added), *with id.* at 35 (¶ j). Indeed, after referencing the "perils described in Section I

3

– Losses Insured," it clarifies that "[t]hese perils apply to **covered building and personal property** for loss insured by this Additional Coverage[.]" *Id.* at 34 (¶ 16) (emphasis added).

This simply confirms what the Losses Insured section plainly and unambiguously states—that collapse coverage for Specified Perils insurance only extends to "loss to covered farm personal property." *Id.* at 35 (¶ j). To hold otherwise and construe the Specified Perils subpart as also covering collapse loss to farm buildings and structures would render the Additional Coverages section meaningless, as it would no longer confer coverage "additional" to that allotted under Losses Insured. *See Cont'l Cas. Co. v. Hester*, 360 So. 2d 695, 697 (Miss. 1978) ("To construe the policy as urged by appellees, would both be contrary to the ordinary meaning of the words used, and would render part of the definition of 'ultimate net loss' meaningless. We decline to do that."); *Tesoro Ref. & Mktg. Co., L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 833 F.3d 470, 474 (5th Cir. 2016) ("We must construe the policy such that no provision is rendered meaningless.").

Moreover, because the collapse portion of the Additional Coverages section only applies "when the covered property is insured for Accidental Direct Physical Loss," ECF No. 1-1 at 34, conflating the two sections would grant Plaintiff a windfall via more insurance than he bargained and paid for. *See Noxubee Cnty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So. 2d 1159, 1166 (Miss. 2004) ("When parties to a contract make mutual promises . . . they are entitled to the benefit of their bargain. Thus, insurance companies must be able to rely on their statements of coverage . . . in order to receive the benefit of their bargain . . . ."). Put differently, such an interpretation would effectively re-write the Losses Insured column in Plaintiff's Declarations to replace the "Spec Perils" designation for the machine shed with "ADPL." *See* ECF No. 1-1 at 71.

4

There is no question that the damage sustained by Plaintiff's shed was unfortunate. However, that fact alone cannot "enlarge [State Farm's] obligations where the provisions of its policy are clear." *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 429 (5th Cir. 2007) (*quoting State Auto. Mut. Ins. Co. of Columbus v. Glover*, 253 Miss. 477, 176 So.2d 256, 258 (1965)).

## II. State Farm's initial denial letter cannot create coverage that does not otherwise exist.

Throughout his Response, Plaintiff criticizes State Farm's initial, "'a shed is not a building' denial" as a means of trying to obscure the basis for summary judgment. *See* ECF No. 13 at 2, 4. But even Plaintiff appears to acknowledge, given the indirect nature of his argument, that the initial, "a shed is not a building" determination is wholly irrelevant if coverage under the Policy does not otherwise exist. *See id.*

To be sure, "Mississippi law allows an insurer to rely at trial on additional defenses to coverage that were not originally given as a basis for the insurer's refusal to pay a claim." *F.D.I.C. v. Denson*, 908 F. Supp. 2d 792, 797–98 (S.D. Miss. 2012); *see also Sobley v. S. Nat. Gas Co.*, 210 F.3d 561, 564 (5th Cir. 2000) ("Under Mississippi law, an insurer may rely on any exclusion in the policy to show that no coverage existed, whether or not that exclusion was the stated basis for denial."); *Am. Nat'l Prop. & Cas. Co. v. Est. of Farese*, 530 F. Supp. 3d 655, 674 (S.D. Miss. 2021) (referencing "the rule in Mississippi that waiver or estoppel cannot operate to expand coverage"). That is especially true where, as here, the insurer expressly "reserved the right to raise additional coverage defenses." *F.D.I.C.*, 908 F. Supp. 2d at 797; *see also* ECF No. 1-1 at 81 ("All other policy provisions apply. The Company does not intend, by this letter, to waive any policy defenses in addition to those stated above and reserves its rights to assert such additional policy defenses at this time.").

In sum, because Plaintiff's machine shed is not covered for loss caused by collapse under the Policy, the later-clarified basis in State Farm's initial denial letter has no bearing on the instant Motion for Summary Judgment. *See Imperium Ins. Co. v. Shelton & Assocs., Pro. Ass'n*, 761 F. App'x 412, 422 (5th Cir. 2019) ("In Mississippi, '[a]n insured seeking to recover on a claim of bad faith must first establish the existence of coverage on the underlying claim.'" (citation omitted)); *Bell v. Certain Underwriters at Lloyd's London*, 200 So. 3d 447, 453 (Miss. Ct. App. 2016) ("Because no claim was owed under the policy, there can be no bad-faith denial of the claim.").

## CONCLUSION

While Plaintiff was entitled to – and was compensated for – collapse loss to personal property housed within his shed, the Policy makes clear that damage to the shed itself is not covered. For this reason, Defendant State Farm Fire and Casualty Company respectfully requests that this Court grant State Farm's Motion for Summary Judgment and enter an order dismissing all of Plaintiff's claims with prejudice.

Respectfully submitted this the 30th day of August, 2024.

**STATE FARM FIRE AND CASUALTY COMPANY**, Defendant

 */s/ Amanda B. Barbour*
AMANDA B. BARBOUR (MSB # 99119)
HARRISON M. SMITH (MSB # 106339)
BUTLER SNOW LLP
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: (601) 948-5711
Fax: (601) 985-4500
E-Mail: Amanda.Barbour@butlersnow.com

E-Mail: Harrison.Smith@butlersnow.com

## **CERTIFICATE OF SERVICE**

    I, Amanda B. Barbour, one of the attorneys for State Farm Fire and Casualty Company, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to counsel of record via the Court's CM/ECF System.

    So certified this the 30th day of August, 2024.

                                                              */s/ Amanda B. Barbour*
                                                              Amanda B. Barbour

89421491.v1